IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**JEFFERY PHETTEPLACE,**

        Petitioner,

v.                                              **Civil Action No. 3:23-CV-19**
                                                    Judge Bailey

**WARDEN R. BROWN,**

        Respondent.

## ORDER GRANTING MOTION TO DISMISS

Pending before this Court is Respondent's Motion to Dismiss [Doc. 9] and accompanying Memorandum in Support [Doc. 9-1], filed March 17, 2023. On March 22, 2023, United States Magistrate Judge James P. Mazzone issued an Order and *Roseboro* Notice [Doc. 11] informing him of his obligation to file responsive briefing to the Motion within twenty-one (21) days. Petitioner did not file any responsive briefing within the prescribed deadline. Accordingly, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

Petitioner is an inmate currently designated by the Bureau of Prisons ("BOP") to the Federal Correctional Institution ("FCI") in Gilmer, West Virginia, where he is serving a 120-month sentence for offenses relating to the distribution of methamphetamine. *See* [Doc. 9-2]. Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 1, 2023, seeking time credits ("FTC") under the First Step Act ("FSA"). *See* [Doc. 1]. However, petitioner's claims are not ripe and must be dismissed.

First, a review of petitioner's administrative remedy history reveals he has filed no administrative remedies related to his FTC eligibility while incarcerated with BOP. *See* [Doc. 9-3]. Petitioner must first exhaust his administrative remedies concerning his eligibility to have FTC applied before this action should be entertained. *See* **McClung v. Shearin**, 90 F.App'x 444 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."); **United States v. Odiana**, 7 F.3d 227 (4th Cir. 1993) (administrative exhaustion required prior to filing § 2241); **United States v. Mercado**, 37 F.App'x 698 (4th Cir. 2002) (dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241).

Second, petitioner's claims would not be ripe even if this Court were to excuse his failure to exhaust administrative remedies. The statute governing release of an inmate with FSA time credits directs the BOP to apply credits for a person who has earned them "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Although the Fourth Circuit has not ruled on the issue, federal courts around the country have routinely read § 3624(g)(1)(A) to mean that "the BOP is permitted to apply time credits only once an inmate" has earned enough credits to "equal the remainder of [his] sentence." **Lallave v. Martinez**, 2022 WL 2338896, at *11 (E.D. N.Y. June 29, 2022); **Turner v. Heisner**, 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."). Therefore, the statute requires BOP to apply FSA credits when, and only when, an inmate has earned enough credits equal to the remainder of the imposed term of imprisonment. Here, even

if petitioner were entitled to the application of 365 days, it would not result in petitioner's immediate release from custody since his release date is October 21, 2028. *See* [Doc. 9-2]. Therefore, his petition is not ripe for review.

For these reasons, Respondent's Motion to Dismiss [**Doc. 9**] is **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DENIED** and **DISMISSED**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 24, 2023.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**